# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

MARCELLUS ENERGY SERVICES, LLC, )
a Pennsylvania limited liability company, )
                                                 )
                 Plaintiff, )
                                                 )
v.                                            )       Case No. CIV-14-534-D
                                                 )
LOGISTICS SUPPORT SERVICES, LLC, )
an Oklahoma limited liability company, )
                                                 )
                 Defendant. )

## O R D E R

Plaintiff, Marcellus Energy Services, LLC (Marcellus) filed this action on May 22, 2014. Plaintiff brings a breach of contract claim against Defendant, Logistics Support Services, LLC (Logistics). Marcellus alleges Logistics has breached the terms of the parties' Master Services Agreement by failing to pay invoices in an amount in excess of $200,000.00. Marcellus further seeks relief on theories of quantum meruit and unjust enrichment.

The Court takes judicial notice of another action pending in the United States District Court for the Eastern District of Oklahoma, *Logistic Support Services, LLC v. Marcellus Energy Services, LLC* and *Chippewa Sand Company, LLC*, Case No. CIV-14-231-RAW. That action was originally filed in Oklahoma state court on December 18, 2013, and removed to federal court on June 12, 2014. In that action, Logistics contends Marcellus breached the terms of the same Master Services Agreement at issue in this action. Logistics brings claims against an additional defendant, Chippewa Sand Company.

Under the first-to-file rule, "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982). *See also O'Hare Intern. Bank v. Lambert*, 459 F.2d 328, 331

(10th Cir. 1972) (citing "well-established" rule that "where the jurisdiction of a federal district court has first attached, that right cannot be arrested or taken away by proceedings in another federal district court"). The first-to-file rule is grounded upon concerns for comity among the federal courts and sound judicial administration. *See, e.g., West Gulf Maritime Ass'n. v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985) ( "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.").

Although the preference is for the first-filed court to decide on the application of the first-to-file rule, a second-filed court may exercise its discretion and consider the application of the first-to-file rule in the first instance. *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc*., 679 F.Supp.2d 1287, 1296–97 (D.Kan.2010). If it is determined that the first-to-file rule applies, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Id*. at 1297 (*quoting Cedars–Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir.1997)). *See also Barbour Group v. Encon Int'l., Inc.*, No. 12-cv-2557-JAR-KMH, 2013 WL 3781505 at *6 (D. Kan. July 18, 2013 (unpublished op.) (district court may *sua sponte* transfer action under the first-to-file rule).

As set forth, this action involves substantially similar claims and parties as those in the pending Eastern District action. *See Shannon's Rainbow, LLC v. Supernova Media, Inc.*, 683 F. Supp.2d 1261, 1278 (D. Utah 2010) (under the first-to-file rule, "the parties do not need to be identical" and "[o]nly similarity or 'substantial overlap' is required"). Therefore the Court exercises its discretion and transfers this action to the United States District Court for the Eastern District of Oklahoma as that action is the first-filed action. *See XTO Energy*, 679 F. Supp.2d at 1299 (noting

that "[c]ourts rarely dismiss claims pursuant to the first-to-file rule, preferring instead to transfer those claims to the court where the similar claims were first filed").

IT IS THEREFORE ORDERED that this action is transferred to the United States District Court for the Eastern District of Oklahoma.

IT IS SO ORDERED this 8th day of August, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE